EVANDER, J.
As a result of a collision with a motor vehicle owned by Appellant, Juan Ruiz De Los Santos (“Santos”), and operated by Appellant, Juan L. Ruiz Pereles (“Per-eles”), Dustin Brink (who was riding a motorcycle) suffered serious brain injuries. His negligence action against Pereles and Santos proceeded to trial, where the jury rendered a verdict for damages in excess of $25 million. After consideration of Brink’s comparative negligence and calculation of collateral source setoffs and taxable costs, the trial court ultimately entered a final judgment against Santos and Pereles for $12,832,837.17, with language providing that Brink’s recovery against Santos was “[sjubject to the limitations of [Santos’] responsibility pursuant to section 324.021(9)(b)3., Florida Statutes (2008).”
On appeal, Santos and Pereles challenge certain evidentiary rulings by the trial court. Additionally, Santos contends that, pursuant to section 324.021, the judgment against him should not have exceeded $600,000, plus applicable costs and interest. We find merit to this last argument, but otherwise affirm.
Section 324.021(9)(b)3., Florida Statutes (2008), provides:
The owner who is a natural person and loans a motor vehicle to any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the permissive user of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the owner shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the owner for economic damages shall be reduced by amounts actually recovered from the permissive user and from any insurance or self-insurance covering the permissive user. Nothing in this subparagraph shall be construed to affect the liability of the owner for his or her own negligence. .
In the instant case, it was undisputed that Santos’ liability was solely vicarious and that Pereles had insurance with limits less than $500,000 combined property damage and bodily injury liability.- As a result, the parties agreed that Santos’ liability was limited to $600,000, plus applicable costs and interest.
The final judgment should have reflected this amount. Otherwise, as Santos correctly observes, the final judgment may unfairly encumber his real property, slan *521 der his credit, and require him to further litigate this issue. On remand, the trial court shall enter an amended - final judgment so as to reflect that Santos’ liability is limited to $600,000, plus applicable costs and interest.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
EDWARDS, J. and PERKINS, T.R., Associate Judge, concur.